Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3789 | **DATE** | 6/26/2012 |
| **CASE TITLE** | Elanda Cawley vs. Caribou Coffee | | |

**DOCKET ENTRY TEXT**

For the reasons listed in the Statement section of the order, plaintiff Elanda Cawley's motion to proceed *in forma pauperis* [9] is denied, and her motion for the appointment of counsel [10] is denied. If Cawley desires to proceed with this case, Cawley must pay the $350 filing fee by 7/9/12. Failure to comply with this order will result in dismissal of this case.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On May 16, Plaintiff Elanda Cawley filed a pro se complaint under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act (Dkt. No. 1), alleging that defendant Caribou Coffee discriminated against her on the basis of color and race when it terminated her from employment. The court denied her initial application to proceed *in forma pauperis* ("IFP") and her initial motion for appointment of counsel, noting that she alleged that she was unlawfully terminated some time after the date on which she indicated that she filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and that she thus had not satisfied the requirements that she file a charge with the EEOC relating to the alleged discrimination and receive a right to sue letter from the EEOC before suing. *See Rush v. McDonald's Corp.*, 966 F.2d 1004, 1110 (7th Cir. 1992) (before the court may consider a Title VII claim, "the party must file a charge with the EEOC within the period of time allotted by the statute" and "the Commission must issue a right to sue letter"). The court granted Cawley the opportunity to file an amended complaint and a new IFP application, stating that "[i]f she does so, the court encourages her to ensure that the dates she provides are accurate, and also to list enough detail to allow the court to evaluate her claim." (Dkt. No. 6.) Cawley filed an Amended Complaint (Dkt. No. 7), a new application to proceed IFP (Dkt. No. 9), and a new motion for appointment of counsel (Dkt. No. 10).

Cawley's Amended Complaint suffers from a similar defect as her initial complaint. The Amended Complaint alleges that Caribou Coffee discriminated against her on October 12, 2011. (Dkt. No. ¶ 6.) It then alleges that she filed a charge with the EEOC regarding the discrimination on March 27, 2012. (*Id.* ¶ 7.1(a)(i).) The problem arises, however, because Cawley then alleges that she received a right to sue letter on March 27, 2011. (*Id.* ¶ 8(b).) That right to sue letter, if it exists (Cawley did not attach it to the Amended Complaint), plainly cannot relate to the discrimination claim Cawley alleges against Caribou Coffee relating to events on October 12, 2011. Accordingly, Cawley has not alleged the existence of a right to sue letter, so her complaint is frivolous. The court therefore denies her application to proceed IFP. *See* 28 U.S.C. § 1915(e)(2); *see also Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-

| **STATEMENT** |
|---|

prisoners).

      Federal courts are also authorized to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but only "in proceedings *in forma pauperis*," *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Because Cawley's motion to proceed IFP is denied, she is not eligible for the appointment of counsel at this time.

*James F. Holderman*